UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


FAISSAL ZAHRAWI, M.D.                    CIVIL ACTION

VERSUS                                  NO: 05-1218

A.D. WALKER, JR., M.D., A               SECTION: J(2)
PROFESSIONAL MEDICAL
CORPORATION


**ORDER**

Before the Court is the **Motion for Partial Summary Judgment** filed by Plaintiff **(Rec. Doc. 23)** and the **Motion for Partial Summary Judgment** filed by Defendant **(Rec. Doc. 22)**. Both motions were opposed. Oral argument was requested, and the motions were set for hearing on May 24, 2006. However, this Court concludes that oral argument is unnecessary and, therefore, addresses these motions on the briefs alone.

Having reviewed Plaintiff's Motion for Partial Summary Judgment, the memoranda of counsel, and applicable law, the Court finds that material fact issues are present which preclude summary judgment.

Having reviewed Defendant's Motion for Partial Summary Judgment, the memoranda of counsel, and applicable law, the Court finds that it should be granted in part and denied in part. In connection with the numbered paragraphs on pages 1 and 2 of Defendant's Motion for Partial Summary Judgment, this Court rules as follows:

(1) Summary judgment is granted in favor of Defendant on the first numbered paragraph.  Plaintiff concedes that Defendant is not responsible for his debt to Terrebonne General. (See Plaintiff's Local Rule 56.1 Statements of Facts as to Which He Contends There is No Genuine Issue to be Tried, ¶¶ 18-19; Plaintiff Opposition (Rec. Doc. 26), p. 3).

(2) Summary judgment is denied on the second numbered paragraph.  The Court finds that material fact issues are present which preclude summary judgment.

(3) Summary judgment is granted in favor of Defendant on the third numbered paragraph.  Plaintiff admitted in his deposition that Defendant did not misrepresent the volume of patients to Plaintiff; Plaintiff only assumed it would be larger than it was. (Deposition of Plaintiff Zahrawi, p. 114).  Further, in Plaintiff's opposition (Rec. Doc. 26), Plaintiff conceded that Defendant did not directly misrepresent the number of patients.

(4) Summary judgment is granted in favor of Defendant on the fourth numbered paragraph.  Dr. Walker filed an affidavit in connection with Defendant's Motion for Partial Summary Judgment stating that all earned fringe benefits have been paid. (Affidavit of Walker).  Further, Plaintiff withdrew his claims for these benefits in his opposition (Rec. Doc. 26).  As for the issue of bonus payments, Plaintiff conceded in his deposition that his receipts for the period of October 1, 2003 to September 30, 2004 totaled less than $500,000, which did not entitle him to a bonus under Schedule 1 of the Professional Employment Agreement. (Deposition of Plaintiff Zahrawi, pp. 114-15).

Plaintiff also did not contest this issue in his opposition.  As for the issue of bonus payments based upon Plaintiff's collections for October and November of 2004, this Court concludes that Schedule 1 of the Professional Employment Agreement only contemplates the award of a bonus based on "annual Net Receipts". (Professional Employment Agreement, Schedule 1 - Compen

(5) Summary judgment is denied on the fifth numbered paragraph.  The Court finds that material fact issues are present which preclude summary judgment.  Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Partial Summary Judgment** (Rec. Doc. 23) should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's **Motion for Partial Summary Judgment (Rec. Doc.22)** should be and hereby is **GRANTED IN PART** and **DENIED IN PART** as set forth in detail above.

New Orleans, Louisiana this 22nd day of May, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3